**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRESTMARK BANK,

        Plaintiff,        CASE NO. 18-11616
                                     HON. DENISE PAGE HOOD
v.

CIBC BANK USA F/K/A THE PRIVATEBANK AND TRUST
COMPANY, *et al*,

        Defendants.
                                          /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS [#16] AND DENYING PLAINTIFF'S MOTION FOR
INTERPLEADER DISBURSEMENT [#17]**

**I.    BACKGROUND**

**A. Procedural Background**

On May 22, 2018, Plaintiff Crestmark Bank ("Crestmark") filed a Complaint for Interpleader against defendants CIBC Bank USA f/k/a The PrivateBank and Trust Company ("CIBC"), Business Resolutions Services, LLC, Wells Fargo Bank, National Association, Howard-Lehigh Corporation, M.P.D., Inc. ("MPD"), Branko Shapich ("Shapich"), and Joseph Hajnos ("Hajnos") (collectively, "Defendants") in order to have Defendants litigate their respective claims to certain net proceeds that Crestmark currently possesses. (Doc # 1) On June 11, 2018, CIBC filed its Answer to the

1

Complaint. (Doc # 10) On June 20, 2018, Hajnos filed his Answer to the Complaint. (Doc # 13)

Shapich filed a Motion to Dismiss on July 30, 2018. (Doc # 16) Crestmark filed its Response on August 21, 2018. (Doc # 21) Shapich filed his Reply on September 4, 2018. (Doc # 22)

On August 3, 2018, Crestmark filed a Motion for Interpleader Disbursement. (Doc # 17) On August 17, 2018, Shapich filed his Response. (Doc # 20)

Shapich's Motion and Crestmark's Motion are currently before the Court.[1]

## B. Factual Background

In 2014, in the Circuit Court of Cook County, Illinois, Shapich filed a lawsuit against Defendants MPD and CIBC. (Doc # 16, Pg ID 144) During the pendency of that litigation, on July 30, 2015, MPD obtained an equipment loan and a line of credit loan from Crestmark (collectively, the "Loan"). (Doc # 1, Pg ID 3) The Loan is evidenced by a $1,500,000 Promissory Note (the "Promissory Note") and a $1,870,000 Promissory Note (Machinery and Equipment Term Loan) (collectively, the "Notes"). *Id.* The Notes were

---

[1] The only defendants who have responded to the Complaint are CIBC, Hajnos, and Shapich.

executed by MPD in favor of Crestmark, and were dated July 30, 2015. *Id.* The Notes were also issued in connection with a Loan and Security Agreement and Schedule to Loan and Security Agreement between MPD, Hajnos, and Crestmark (collectively, the "Loan Agreement"). (Doc # 1-1, Pg ID 17-40) Under the terms of the Loan Agreement, MPD pledged all of its personal property to secure its obligations to Crestmark (the "Collateral"). (Doc # 1, Pg ID 3) Crestmark perfected its security interest in the Collateral by filing a financing statement with the Illinois Secretary of State on July 14, 2015, as document number 020503807. *Id.*

Prior to the execution of the Loan Agreement, MPD was indebted to Hajnos in the amount of $83,400.00. (Doc # 1-1, Pg ID 42) In connection with the Loan Agreement, on July 30, 2015, Hajnos entered into a Subordination Agreement with Crestmark and MPD whereby Hajnos agreed to subordinate his security interest in the Collateral, if any, to Crestmark. (Doc # 1-1, Pg ID 42-47) In addition, CIBC also entered into a Lien Subordination with Crestmark whereby CIBC also agreed to subordinate its security interest in the Collateral, if any, to Crestmark. (Doc # 1-1, Pg ID 49-50)

In 2018, MPD defaulted on its obligations to Crestmark and a default letter was sent to MPD and Hajnos. (Doc # 1, Pg ID 4) On or about February

13, 2018, Crestmark issued a Notice of Public UCC Foreclosure Sale that pertained to collateral that was pledged by MPD (the "UCC Sale"), and provided notice of the UCC Sale to all necessary parties. (Doc # 1-1, Pg ID 52-54) Notice of the UCC Sale was also published in various local publications. (Doc # 1-1, Pg ID 56-62) There were a number of bidders that expressed an interest in bidding on the Collateral. (Doc # 1, Pg ID 4) Crestmark conducted the UCC Sale of the Collateral and collected the amounts due from the winning bidder ("Sale Proceeds"). *Id.* Crestmark deducted from the Sale Proceeds the outstanding amount due and owing under the Loan Agreement, along with its expenses and fees, which resulted in $231,426.10 in net proceeds (the "Net Proceeds"). (Doc # 1-1, Pg ID 64)

In September 2017, an Illinois trial court entered judgment against both MPD and CIBC in Shapich's favor. (Doc # 16, Pg ID 144) As amended on February 16, 2018, the value of the judgment against MPD was approximately $1.68 million. *Id.* On April 24, 2018, the Court Clerk of the Circuit Court of Cook County, Illinois, issued a Third-Party Citation to Crestmark, and Shapich served it on Crestmark's counsel via email that day. (Doc # 1-1, Pg ID 66-75) Crestmark has also identified the Defendants as having potential claims to the Net Proceeds either through written demands received from the Defendants or via publicly recorded UCC liens filed by the Defendants against

MPD. (Doc # 1, Pg ID 4) Accordingly, Crestmark filed its Complaint so that the Defendants can litigate their respective claims to the Net Proceeds.

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. Interpleader

"Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.' " *U.S. v. High Technology Products, Inc.*, 497 F.3d 637, 641 (6th Cir.2007) (quoting 7 Wright, Miller & Kane, Federal Practice and Procedure § 1704 (3d ed.2001)); *see also, Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir.1997) ("[I]nterpleader is fundamentally equitable in nature."). The Sixth Circuit has described the nature and purpose of interpleader "as a single comprehensive suit to adjudicate fully and finally all disputes arising out of claims to a fund." *High Technology Products*, 497 F.3d at 643 (quotations omitted).

An interpleader action generally proceeds in two stages. At the first stage, a court determines three issues: (1) whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit; (2) whether the stakeholder is actually threatened with double or multiple

liability; and (3) whether any equitable concerns prevent the use of interpleader. *Id.* at 641 (citing 7 Wright, Miller & Kane, at § 1714). A court should allow an interpleader action to proceed to the second stage "only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Aaron v. Mahl,* 550 F.3d 659, 663 (7th Cir.2008) (citations omitted). During the second stage, a court determines the respective rights of the claimants to the fund or property at stake via the normal litigation processes, including pleading, discovery, motions, and trial. *High Technology Products,* 497 F.3d at 641.

There are two approaches to interpleader in federal courts, and they are commonly referred to as "rule interpleader" and "statutory interpleader." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1241 (E.D. Ky. 2011). The main distinction between the two forms of interpleader is that the interpleader statute grants district courts original jurisdiction, while the interpleader rule is merely a procedural device. *Sun Life Assur. Co. of Canada v. Thomas,* 735 F.Supp. 730, 732 (W.D.Mich.1990) (citing *Bell & Beckwith v. United States,* 766 F.2d 910, 914 (6th Cir.1985)). "In an action brought pursuant to the interpleader rule, either federal question jurisdiction or diversity jurisdiction must be established." *Id.* Interpleader actions brought pursuant to Rule 22 are also subject to the same venue, Rule 4 service of process, and

anti-injunction limitations as regular civil cases. Richard D. Freer, 4–22 Moore's Federal Practice–Civil § 22.04[1].

Contrarily, statutory interpleader "enjoys liberal procedural rules including relaxed venue, personal jurisdiction and service of process requirements as well as broad discretion to enjoin overlapping litigation." *Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.,* 200 F.Supp.2d 689, 694 (E.D.Ky.2002) (citing 28 U.S.C. §§ 1397, 2361). Further, statutory interpleader grants district courts "original jurisdiction of any civil action of interpleader or in the nature of interpleader" if three elements are satisfied. 28 U.S.C. § 1335(a). First, the amount in controversy must exceed $500. 28 U.S.C. § 1335(a); *Thomas,* 735 F.Supp. at 731. Second, there must be two or more adverse claimants to the stake who are of diverse citizenship, as defined by 28 U.S.C. § 1332. 28 U.S.C. § 1335(a)(1); *Thomas,* 735 F.Supp. at 731–32. Third, the stake must be deposited into the Court's registry. 28 U.S.C. § 1335(a)(2); *Thomas,* 735 F.Supp. at 732.

For purposes of Shapich's Motion, it is important to determine which type of interpleader Crestmark argues should be enforced. Shapich argues that Crestmark's Complaint sounds in Rule 22 interpleader because Crestmark only references statutory interpleader with regard to its assertion of jurisdiction. (Doc # 16, Pg ID 146-47) Crestmark responds by arguing that

7

it properly pled the requirements for statutory interpleader. (Doc # 21, Pg ID 328)

This Court finds that Crestmark's Complaint was brought under Rule 22 interpleader because Crestmark explicitly states that it is invoking interpleader under Rule 22. Crestmark alleges that according to Rule 22, it is entitled to: (1) interplead the Net Proceeds; and (2) receive attorney's fees and other costs and expenses that it has occurred. (Doc # 1, Pg ID 5) Although Crestmark mentions that jurisdiction is proper pursuant to the interpleader statute, 28 U.S.C. § 1335, its interpleader claim is premised on this Court granting it relief under Rule 22. Additionally, Crestmark's only argument for why its interpleader action was not brought under Rule 22 is that it has satisfied the requirements necessary for this Court to have original jurisdiction over this action pursuant to the interpleader statute. (Doc # 21, Pg ID 328-330) While that might be accurate, Crestmark's argument is misplaced because Courts generally analyze interpleader claims according to the form of interpleader that has been brought forward. *See Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 583 (D.C. Cir. 1993). Here, Crestmark asked this Court to favorably rule on its Rule 22 interpleader claim, so the Court will assess its claim accordingly.

### 2. *Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (*citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.* In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id.* Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Since Shapich challenges the factual existence of subject matter jurisdiction, the Court must determine if either federal question jurisdiction or diversity jurisdiction is present. Crestmark has not alleged that its sole count arises under federal law, and this Court lacks subject matter jurisdiction

under 28 U.S.C. § 1331. Crestmark does however allege that the Court has subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332. Federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...." 28 U.S.C. § 1332. Crestmark argues that it has satisfied 28 U.S.C. § 1332 because: (1) it is a Michigan Corporation; (2) the Defendants are located in Delaware, Illinois, and Florida; and (3) the amount in controversy exceeds $75,000. (Doc # 1, Pg ID 2)

Determining diversity in Rule 22 interpleader actions is distinct from the manner in which courts assess diversity in most other contexts. Courts within the Sixth Circuit have held that in interpleader actions involving disinterested stakeholders, courts should only consider the diversity among the adverse parties. *UBS Fin. Servs., Inc. v. Kaufman*, No. 3:15-CV-00887-CRS, 2016 WL 3199535, at *5 (W.D. Ky. June 8, 2016) ("Altogether, in this situation, it makes far more sense to consider whether diversity exists on the interpleader defendants' side of the "v" rather than "across the v," which would consider the citizenship of a party who does not claim ownership of the fund."). After applying this standard, the Court finds that it lacks subject matter jurisdiction over this case. The three Defendants who have appeared

in this case are all from Illinois. (Doc # 1, Pg ID 2) Therefore, diversity is clearly lacking.

### 3. *Rule 12(b)(2)*

Plaintiff bears "the burden of establishing the district court's personal jurisdiction" over the Defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). As there has been no evidentiary hearing on the matter, the court will "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991)). Granting a motion to dismiss is only proper "if all the specific facts which the plaintiff ... alleges collectively fail to state a prima facie case for jurisdiction." *Id.* (emphasis in original).

General jurisdiction is satisfied in a forum if the defendant's contacts within that forum are "so constant and pervasive as to render it essentially at home." *Diamler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (citations omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 760. Alternatively, personal jurisdiction can be satisfied through specific jurisdiction. Specific jurisdiction "grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum

state." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012) (citation omitted). Whether a defendant's claim arises out of contacts in the forum is determined applying three criteria. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). First, the defendant must "purposefully avail himself of the privilege of acting in the forum state...." *Id.* Second, the "cause of action must arise from the defendant's activities there." *Id.* Third, the acts of the defendant must demonstrate a "substantial enough connection with the forum state...." *Id.*

Shapich contends that Crestmark has not established personal jurisdiction over the claimants in this case, and specifically argues that on its face, Crestmark's Complaint demonstrates that this Court does not have personal jurisdiction over Shapich. (Doc # 16, Pg ID 147-48) Shapich argues that this Court lacks both the general personal jurisdiction and specific personal jurisdiction necessary to proceed with this case. Crestmark's response is premised on this Court finding that it properly filed a statutory interpleader action. Crestmark argues that pursuant to the Federal Interpleader Act, service of process is sufficient to establish personal jurisdiction over all of the defendants in this action. (Doc # 21, Pg ID 331) Crestmark further argues that Shapich is amenable to suit in this Court even

if he lack minimum contacts with Michigan because he waived service and was otherwise properly served. (Doc # 21, Pg ID 332)

The Court does not have general jurisdiction over Shapich due to his lack of contacts with Michigan. Shapich resides in Illinois, and Crestmark has not indicated that he has a continuous and systematic presence in Michigan. *See Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). There is no reason for the Court to believe that Shapich has any relationship with Michigan that would warrant this Court invoking general jurisdiction over him.

This Court also finds that there is no *prima facie* showing of specific jurisdiction based on the *Southern Machine* analysis. First, there is no indication that Shapich purposefully availed himself of the privilege of this action in Michigan, and Crestmark has not alleged otherwise. Second, the cause of action does not arise from Shapich's activities in Michigan because Shapich's claim to the Net Proceeds derives from the adverse judgment against MPD, which was from an Illinois proceeding. Third, Shapich's acts do not demonstrate that he has a substantial connection with Michigan since it has not been alleged that he conducted any activities within the state.

Additionally, Crestmark's argument with regard to this Court allegedly having personal jurisdiction over Shapich is irrelevant considering that

Crestmark filed a Rule 22 Interpleader claim as opposed to a statutory interpleader claim.

### 4. *Rule 12(b)(3)*

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss based on improper venue. "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002). A dismissal for improper venue may be based on Rule 12(b)(3), but the requirements for what is a proper venue are established by 28 U.S.C. § 1391(b). *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). The statute reads:

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If venue is found to be improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a).

Shapich argues that venue is improper because a substantial part of the events or omissions giving rise to Crestmark's claim did not occur in this district. (Doc # 16, Pg ID 150) Shapich argues that the events that give rise to the Complaint all occurred in Illinois. (Doc # 16, Pg ID 149-150) Crestmark contends that venue is proper in this district because the Net Proceeds are located here in Michigan. (Doc # 21, Pg ID 334) Crestmark also claims that this action should not be dismissed on this ground because the other defendants that have answered the Complaint have not expressed that they are opposed to the current venue. *Id.*

This Court finds that venue is proper in this district. As Crestmark contends, the Net Proceeds are located in this district. Since the Net Proceeds

are a substantial part of property that is the subject of the current action, the Court will not dismiss the Complaint based on venue considerations.

### B. Crestmark's Motion for Interpleader Disbursement

Since this Court grants Shapich's Motion to Dismiss Crestmark's Complaint due to a lack of subject matter jurisdiction and personal jurisdiction, it must deny Crestmark's Motion for Interpleader Disbursement. However, this Court will grant Plaintiff's request to amend its Complaint and properly bring its Complaint forward under a statutory interpleader theory. (Doc # 21, Pg ID 330)

The factors that this Court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

> (1) the delay in filing the motion,
> (2) the lack of notice to the other party,
> (3) bad faith by the moving party,
> (4) repeated failure to cure deficiencies by previous amendments,
> (5) undue prejudice to the opposing party, and
> (6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court finds that justice requires that Crestmark have the opportunity to amend its Complaint in order to clarify which form of interpleader it intended to use as the basis for its Complaint. There are no facts that demonstrate that Crestmark acted in bad faith, and an

amendment in this instance would not be futile.  Further, the Court does not believe that Defendants will be unfairly prejudiced if Crestmark is allowed to amend its Complaint.  Therefore, if Crestmark wishes to amend its Complaint, the Court gives it the ability to do so.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Branko Shapich's Motion to Dismiss (Doc # 16) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Crestmark Bank's Complaint (Doc # 1) is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Plaintiff Crestmark Bank may file an amended complaint within 14 days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff Crestmark Bank's Motion for Interpleader Disbursement (Doc # 17) is **DENIED WITHOUT PREJUDICE**.

                                              s/Denise Page Hood
                                              Chief Judge, U. S. District Court

Dated: October 12, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2018, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager